```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

ROBERT LOBEL,
    Plaintiff,

    v.                                      CIVIL ACTION NO.
                                            15-13803-FDS

WOODLAND GOLF CLUB OF AUBURNDALE,
    Defendant.

**MEMORANDUM AND ORDER RE:**
**RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**(DOCKET ENTRY # 52)**

**December 22, 2016**

**BOWLER, U.S.M.J.**

Pending before this court is the remaining portion of a renewed motion to compel filed by defendant Woodland Golf Club of Auburndale ("defendant"). (Docket Entry # 52). After production of a privilege log by plaintiff Robert Lobel ("plaintiff"), the parties continued to dispute production of documents by Gerald Chervinsky ("Chervinsky") in response to a deposition subpoena (Docket Entry # 38-1) requesting all documents between Chervinsky and Kenneth Fishkin, Esq. ("Fishkin"), i.e., request number six in the subpoena. Plaintiff objects to production on the basis of the work product doctrine. After conducting a hearing on December 15, 2016, this court took the remaining portion of the motion (Docket Entry # 52) under advisement.

<u>DISCUSSION</u>

Familiarity with the facts is presumed. Jurisdiction is based on a federal question (Docket Entry # 1, ¶ 7(a)), 28 U.S.C. § 1331, and federal law controls the parameters of the work product doctrine. Le v. Diligence, Inc., 312 F.R.D. 245, 247 (D.Mass. 2015); S.D. Warren Co. v. E. Elec. Corp., 201 F.R.D. 280, 282 (D.Me. 2001).

The work product doctrine protects documents prepared by or for a party or by his "attorney if, 'in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.'" Mississippi Public Employees' Retirement System v. Boston Scientific Corp., 649 F.3d 5, 31 n.24 (1st Cir. 2011). As stated in Fed.R.Civ.P. 26(b)(3), "Ordinarily, a party may not discover documents" prepared in anticipation of litigation "by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed.R.Civ.P. 26(b)(3). The "party asserting the . . . work product privilege," plaintiff, "bears the burden of showing that the privilege applies." Vicor Corp. v. Vigilant Ins. Co., 674 F.3d 1, 17 (1st Cir. 2012); 58 Swansea Mall Drive, LLC v. Gator Swansea Prop., LLC, 2016 WL 6669311, at *1 (D.Mass. Nov. 7, 2016) (party claiming attorney client and work product privileges "bears burden of establishing both protections"); Le v. Diligence, Inc.,

312 F.R.D. at 247 ("[d]efendants, who are invoking the privilege, bear the burden of establishing" that work product privilege applies).  A party may overcome the privilege by showing "that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."[1]  Fed.R.Civ.P. 26(b)(3)(A).

The language of Rule 26(b)(3) protects documents prepared "by or for another party *or* its representative."  Fed.R.Civ.P. 26(b)(3) (emphasis added).  Consequently, work product protection extends "to documents and things prepared for litigation or trial by or for the adverse party itself or its agent."  8 Charles Alan Wright et al., Federal Practice and Procedure § 2024 (3rd ed. 2016); see Szulik v. State Street Bank and Trust Co., 2014 WL 3942934, at *3 (D.Mass. Aug. 11, 2014) (rejecting argument that document prepared by plaintiff "cannot be work product because it was not prepared under the direction of an attorney, or to assist the attorney-rather, it was prepared to assist" plaintiff, the deponent).

Overall, the doctrine is "intensely practical, grounded in the realities of litigation in our adversary system."  United States v. Nobles, 422 U.S. 225, 238 (1975).  "One of those

---

[1] Although not discussed with respect to the documents that are not subject to production, this court has analyzed the substantial need and undue hardship showings with respect to all such documents.

realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial." Id.; see Sprague v. Director, Office of Workers' Compensation Programs, U. S. Department of Labor, 688 F.2d 862, 870 (1st Cir. 1982). Hence, "documents and reports prepared by agents of the attorney," such as investigators, as well as by "the party he represents," are protected. Pacamor Bearings, Inc. v. Minebea Co., Ltd., 918 F.Supp. 491, 514 (D.N.H. 1996). Chervinsky, as a non-party, however, cannot invoke and assert the privilege. See In re Student Finance Corp., 2006 WL 3484387, at *9 (E.D. Pa. Nov. 29, 2006) ("language of Rule 26(b)(3) protecting only parties' work product precludes non-parties from asserting the privilege"); Abdell v. City of New York, 2006 WL 2664313, at *2 (S.D.N.Y. Sept. 14, 2006) ("'non-party cannot invoke the work-product immunity of Fed. R. Civ. P 26(b)(3) to withhold documents created for the non-party's benefit'"); Ramsey v. NYP Holdings, Inc., 2002 WL 1402055, at *2 (S.D.N.Y. June 27, 2002) (same). Likewise, unless Fishkin was acting as plaintiff's attorney or otherwise in a representative capacity for plaintiff, the same principle applies to documents prepared by Fishkin for Chervinsky. See Abdell v. City of New York, 2006 WL 2664313, at *2 ("Rule 26(b)(3) does not protect materials prepared by lawyers for non-parties").

Opinion work product reflecting the mental impressions,

conclusions or legal theories of a party's attorney or representative receives heightened protection. See Fed.R.Civ.P. 26(b)(3)(B); Walker v. N.H. Admin. Office of the Courts, 2013 WL 672584, at *4 (D.N.H. Feb. 22, 2013) (pursuant to Rule "26(b)(3)(B), 'opinion' work-product qualifies for 'greater protection' than so-called fact work-product") (citing Vicor Corp. v. Vigilant Ins. Co., 674 F.3d at 18). Typically, the doctrine does not extend to factual information. In re Grand Jury Subpoena, 220 F.R.D. 130, 141 (D.Mass. 2004) (work product doctrine "does not typically extend to the underlying facts contained within those material[s]"). "When a factual document selected or requested by counsel exposes the attorney's thought processes and theories," however, "it may be appropriate to treat the document as opinion work product, even though the document on its face contains only facts." F.T.C. v. Boehringer Ingelheim Pharm., Inc., 778 F.3d 142, 151 (D.C. Cir. 2015), reh'g denied (D.C. Cir. 2015), cert. denied, 136 S.Ct. 925 (2016). It is also true, however, that "not every item which may reveal some inkling of a lawyer's mental impressions . . . is protected as opinion work product." In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1015 (1st Cir. 1988); accord F.T.C. v. Boehringer Ingelheim Pharm., Inc., 778 F.3d at 152 (quoting In re San Juan, 859 F.2d at 1015). Hence, "protection is warranted only if the selection or request reflects the attorney's focus in

a meaningful," nonspeculative way. F.T.C. v. Boehringer Ingelheim Pharm., Inc., 778 F.3d at 152; In re San Juan, 859 F.2d at 1015 (level of protection afforded opinion work product "is not triggered unless disclosure creates a real, nonspeculative danger of revealing the lawyer's thoughts").

The reach of the doctrine "turns on a balancing of policy concerns." U.S. v. Textron Inc. and Subsidiaries, 577 F.3d 21, 26 (1st Cir. 2009). Policy concerns include facilitating "zealous advocacy in the context of an adversarial system of justice by ensuring that the sweat of an attorney's brow is not appropriated by the opposing party." In re Grand Jury Subpoena, 274 F.3d 563, 574 (1st Cir. 2001) (citing Hickman v. Taylor, 329 U.S. 495, 511 (1947)); accord U.S. v. Textron Inc. and Subsidiaries, 577 F.3d at 31 (Hickman stressed danger of "discouraging sound preparation for a law suit"). Even if an attorney prepares a document, however, such documents and emails are protected only if the work was done in anticipation of litigation. See U.S. v. Textron Inc. and Subsidiaries, 577 F.3d at 30. Emails prepared for "nonlitigation purposes" or "that would have been created in essentially the same form irrespective of the litigation'" do not warrant protection. Id. "It is not enough to trigger work product protection that the *subject matter* of a document relates to a subject that might conceivably be litigated." Id.; see also Pacamor Bearings, Inc. v. Minebea Co.,

Ltd., 918 F.Supp. 491, 512 (D.N.H. 1996) (protection may extend to documents prepared before litigation's commencement but "'there must be more than a remote possibility of litigation'").

Adhering to the foregoing law and having reviewed Fishkin's declaration, parts of which include legal argument, and Chervinsky's deposition as well as the other evidence in the record, the majority of the documents are not protected. Turning to the time period of July and August 2014, simply because the club denied plaintiff's use of a specialized golf cart two years earlier in 2012 (Docket Entry # 66) does not mean the club would automatically deny such use in July 2014. The July 17, 2014 email (document 1-3), prepared by Fishkin and made before any denial by the club of what Chervinsky described as a "reasonable compromise" or resolution (Docket Entry # 66, ¶¶ 2, 4) (Docket Entry # 53, Depo. pp. 44, 46, 58), was not made in anticipation of litigation and is therefore subject to production. During this time period, Chervinsky was attempting to reach a reasonable compromise with the club. Litigation was not anticipated and the documents Chervinsky created were not prepared in anticipation of litigation. Thus, although Chervinsky "expected there would ultimately be legalities involved," in July and August 2014 he simply "wanted [plaintiff] to be able to play golf with [him] at Woodland" and Chervinsky engaged in his "own effort at what [he] thought at the time" might "be a reasonable compromise" with the

club. (Docket Entry # 53, Ex. D, Depo. pp. 21-23, 44-46).

Thus, in light of the facts and circumstances, Chervinsky was acting on his own so that *he* could be able to play golf with his friend, plaintiff. As evidenced by Chervinsky's deposition testimony, Chervinsky, who is not an attorney, took it upon himself in July 2014 to find a solution for his friend, plaintiff, to play golf at the Woodland Golf Club of Auburndale. (Docket Entry # 53, Ex. D, Depo. pp. 21, 45, 46). The inclusion of an attorney (Fishkin), who played golf with plaintiff and Chervinsky and was one of Chervinsky's "closest friends" (Docket Entry # 53, Ex. D, Depo. p. 24), does not transform the July and August 2014 emails Chervinsky sent to Fishkin into attorney work product. See Walker v. N.H. Admin. Office of the Courts, 2013 WL 672584, at *7 (attorney's "involvement, per se, did not convert the Policy-driven investigation into a trial preparation project, and nothing in the documents themselves suggests that the documents assumed a different form or purpose because of the prospect of litigation"). With respect to each of the emails Chervinsky prepared during this time period, plaintiff fails in his burden to show that Chervinsky was acting on behalf of plaintiff or his attorney or representative at the time Chervinsky prepared each email. At this juncture, Fishkin was also not acting as plaintiff's representative and there is insufficient evidence that any attorney representing plaintiff

8

was instructing or directing Chervinsky or Fishkin to prepare documents or communications because of the prospect of litigation between the club and plaintiff. See id. Simply stated, in July and August 2014, Chervinsky was acting on his own and Fishkin was acting as a friend and golfing partner. (Docket Entry # 53, Ex. D, Depo. pp. 21, 23, 24, 45, 46, 58).

In light of the above, Chervinsky's unsolicited, self-generated "legal analysis" as well as other thoughts and communications sent to Fishkin in and around this time period is not work product and therefore is not protected. Chervinsky did not generate documents 5-8, 9-10, 11, 12-15, 17, 20, 21-23, 24, 25-27, 36, 38 and 58-59 in the privilege log (Docket Entry # 63-1) for plaintiff or by or for plaintiff's attorney because of the prospect of litigation. The email exchange denoted document 25-27 more than likely consists of Chervinsky's unsolicited thoughts and analysis communicated to Fishkin which were not made by or for another party or his representative or prepared because of the prospect of litigation. See generally In re Grand Jury Subpoena, 220 F.R.D. at 140 (work product "privilege's applicability must be demonstrated by a fair preponderance of the evidence").

An analysis of the factual information in August 2014 regarding other golf courses' positions as to the SoloRider, i.e., documents 33-35 and 37, is also not protected. These

documents are subject to production. Documents 18 and 19 more likely than not consist of purely factual information which is not the work of an attorney prepared or obtained because of this litigation and, notably, plaintiff fails in his burden to show otherwise. As such, these documents are subject to production.

Document 41-42 from Fishkin to Chervinsky is subject to production inasmuch as plaintiff fails to show that it was created by or for a party or his representative as well as prepared because of the prospect of litigation. In addition, plaintiff did not file the complaint until more than a year later.[2] (Docket Entry # 1). The same ruling applies to document 50. All factual information in document 71-72 shall be produced whereas any legal analysis, strategy or mental impressions by Attorney Denner in the October 9, 2014 document may be redacted. Documents 73, 74, 75, 76, 89, 92 and 93-94 are protected and not subject to production.

Plaintiff fails to establish that document 30-32, created in

---

[2] The complaint contains Fishkin's unadorned signature as well as the signatures and emails of two attorneys at Jeffrey Denner Associates, P.C. In violation of LR. 83.5.2, Fishkin did not include any identifying information. Local Rule 83.5.2 states that:

> The filing of an appearance or any other pleading signed on behalf of a party constitutes an entry of appearance for that party. *All pleadings shall contain the name, bar admission number, address, telephone number, and e-mail address of the attorney entering an appearance.*

LR. 83.5.2 (emphasis added).

early August 2014 and depicting an analysis of conversations with "State Disability Reps. Regarding" the club's "position and plan to perform test," is protected. Prepared more than a year before the November 2015 filing of the complaint and at a time when the parties were discussing the test and whether plaintiff could use the greens with the SoloRider, plaintiff fails to show that document 30-32 was prepared because of the prospect of litigation as well as by or for plaintiff or his representative. All of the emails exchanged in document 30-32 are therefore subject to production.

The second segment of an email chain denoted document 39-40 concerns factual information consisting of "Charles River['s] decision to allow SoloRider on the course." (Docket Entry # 63-1). It is subject to production. See In re Grand Jury Subpoena, 220 F.R.D. at 141 (work product doctrine "does not typically extend to the underlying facts contained within those material[s]"); see also Mullins v. Department of Laboratory of Puerto Rico, 269 F.R.D. 172, 176 (D.P.R. 2010) (moving party "must 'explain why the work product privilege applies to all portions of the document'"). The first segment was not prepared by or for plaintiff or his representative and plaintiff fails to show otherwise. Document 39-40 is therefore subject to production in its entirety.

The portion of document 46-49 concerning factual information

11

about access to the Charles River Country Club is subject to production whereas the "conversation with Attorney Denner on how to move forward with litigation" may be redacted as opinion work product. (Docket Entry # 63-1). Likewise, the "update on communications" in document 51-53 is subject to production whereas the "legal strategy being developed by Attorney Denner" may be redacted. (Docket Entry # 63-1). Because document 54-57 depicts Attorney Denner's opinion work product, it is not subject to production. The same ruling applies to documents 69-70 and 81-85. Attorney Denner's "legal advice and strategy provided by Attorney Jeff Denner" in document 64-66 may be redacted. The remaining portion of document 64-66 shall be produced.

Document 67 is not subject to production because, given the factual circumstances, Chervinsky was acting on behalf of plaintiff in communicating the latter's position to move forward with litigation to Fishkin. As to document 77-78, plaintiff does not meet his burden to show that *Chervinsky*, who was neither an attorney nor plaintiff's representative or agent, prepared the July 20, 2015 document by or for plaintiff or his attorney or representative. Document 77-78 is therefore subject to production. Plaintiff also fails in his *burden* to show that Chervinsky's analysis of the case, a newspaper article, an email by the club notifying members of the lawsuit and/or a proposed status conference, was made for plaintiff or by or for

plaintiff's representative, including Fishkin.  Documents 86, 87, 88 and 120 are therefore subject to production.  Similarly, plaintiff fails to meet his burden to show that Chervinsky's analysis of correspondence and a status conference conducted by this court, also emailed to Fishkin, was made by or for plaintiff or his representative.[3]  Not having made a strong enough showing to satisfy his burden, documents 123-125, 126-127 and 128-129 are subject to production.  With respect to document 79-80, the factual information regarding use of the SoloRider for a golf tournament at the Weston Country Club is not protected whereas Fishkin's "analysis of how this could impact Woodland litigation" is protected.  Document 79-80 may therefore be produced in redacted form.  Documents 95-97, 98-99, 100-106, 107-109, 110-112 and 118-119 are not subject to production.  All factual information in documents 113-117 and 130-132 shall be produced whereas opinion work product may be redacted.  Document 121-122 depicts a "[d]iscussion and analysis [by] pf," presumably plaintiff, "forwarded" to Chervinsky who then transmitted it to Fishkin.  Inasmuch as it was "made by or for another party" as well as prepared because of the litigation, the work product

---

[3]   With respect to these and other withheld documents, this court recognizes that the document designations may reflect more than one email between the identified author and the identified recipient.

doctrine protects the document.[4]

## CONCLUSION

In accordance with the forgoing discussion, the remaining portion of the renewed motion to compel (Docket Entry # 52) is **ALLOWED** in part and **DENIED** in part.

                                        /s/ Marianne B. Bowler
                                        **MARIANNE B. BOWLER**
                                        United States Magistrate Judge

---

[4] See footnote one.